UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 07-308-GWU


DAVID THOMAS,                                                           PLAINTIFF,


VS.                            **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


**INTRODUCTION**

David Thomas brought this action to obtain judicial review of the unfavorable

portion of an administrative decision on his applications for Disability Insurance

Benefits and for Supplemental Security Income.  The case is before the court on

cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to

1

07-308  David Thomas

        Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

     Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

07-308  David Thomas

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

07-308  David Thomas

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.
1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment.  The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence
before it, despite the plaintiff's claims that he was unable to afford extensive medical
work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592
(6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a
factor to be considered against the plaintiff, Hale v. Secretary of Health and Human
Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-308  David Thomas

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-308  David Thomas

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

07-308  David Thomas

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Thomas, a 46-year-old former heavy equipment operator and sales representative with a "limited" education, suffered from impairments related to ischemic heart disease (being status post myocardial infarction with bypass grafting).  (Tr. 15, 17).  Prior to April 1, 2006, the ALJ determined that the plaintiff was totally disabled.  (Tr. 17).  After this date, he was found to be able to perform a restricted range of light level work. (Id.).  While the claimant would not be able to return to his past relevant work, he would be able to perform a significant number of jobs in the national economy and, so, could not be considered totally disabled for the time period after April 1, 2006. (Tr. 20-21).  The ALJ based this portion of the decision, in large part, upon the testimony of a vocational expert.  (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court

7

07-308  David Thomas

must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Julian Nadolsky included an exertional restriction to medium level work restricted from a full range by a need to avoid exposure to temperature extremes.  (Tr. 217).  In response, Nadolsky identified a significant number of jobs in the national economy which could still be performed.  (Tr. 218).  Therefore, assuming that the vocational factors considered by the expert fairly characterized Thomas's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The medical record reveals that Thomas was admitted to the Baptist Regional Medical Center on January 13, 2005 with severe chest pain and shortness of breath.  (Tr. 111).  Unstable angina was diagnosed and the patient was transferred to Central Baptist Hospital on January 14, 2005.  At Central Baptist, a diagnosis of subacute inferior myocardial infarction was made by Dr. James Crager based upon an EKG.  (Tr. 115).  The plaintiff underwent left heart catheterization which revealed high grade stenosis of the circumflex and total occlusion of the right coronary artery.  (Id.).  Dr. Dermot Halpin performed two-vessel coronary artery bypass surgery.  (Tr. 120).  The claimant did well post-operatively and was noted to be pain-free and hemodynamically stable upon discharge on January 17, 2005. (Tr. 115).

07-308  David Thomas

Thomas returned to Dr. Crager for follow-up in February of 2005.  The plaintiff indicated that he had done well since discharge from the hospital.  (Tr. 146).  He was actively walking on a regular basis.  (Id.).  He had been unable to return to work.  (Id.).  Physical examination revealed that his surgical wounds were healing nicely.  (Id.).  The doctor noted no physical restrictions.

Thomas was seen for follow-up by Dr. Halpin in February of 2005.  The plaintiff's hospital course was noted to have been uncomplicated.  The plaintiff's only complaints were of left anterior thoracic pain and median sternotomy pain.  (Tr. 149).  The claimant's surgical wounds were noted to be healing nicely.  (Id.).  The doctor recommended that the patient continue his medical regimen but noted no physical restrictions.  (Id.).

In March of 2005, Thomas was again admitted to Baptist Regional with complaints of chest pain.  (Tr. 152).  Testing revealed that cardiac markers were negative.  (Tr. 153).  An echocardiogram revealed concentric left ventricular hypertrophy with septal akinesis with mild inferior wall hypokinesis with well preserved left ventricular systolic function.  A nuclear stress test with Persantine sestambi study was normal with no sign of myocardial ischemia. (Id.).  The claimant was discharged stable and asymptomatic.  (Tr. 152).

Dr. Crager again saw Thomas in February of 2006.  The patient reported some stabbing back pain and shortness of breath but no overt chest pain.  (Tr. 195).

9

07-308  David Thomas

His major complaint was a loss of sex drive.  (Tr. 195).  The claimant had resumed his cigarette smoking habit.  (Tr. 196).  Physical examination revealed that the median sternotomy incision was well-healed.  (Tr. 195).  An echocardiogram revealed no valvular disease of significance.  (Id.).  The only functional limitation indicated by Dr. Crager at this time was a need to quit smoking.  (Tr. 196).

Dr. John Rawlings (Tr. 168-176) and Dr. Timothy Gregg (Tr. 177-185) reviewed the record for the administration.  Each reviewer opined that Thomas would be restricted to medium level work restricted from a full range by a need to avoid exposure to temperature extremes.

Finally, Dr. Roy Varghese submitted a report stating that Thomas would be incapable of performing even sedentary level work.  (Tr. 188).  Dr. Varghese indicated that he had been the plaintiff's treating physician since January of 2005 but no treatment records from the physician were entered into evidence.[1]

Thomas asserts that the ALJ erred in failing to give controlling weight to Dr. Varghese's opinion.  The ALJ rejected the doctor's opinion because he did not support it with objective medical data.  (Tr. 16).  The physician only cited the diagnoses of coronary artery disease and heart attack in support.  (Tr. 188).  The

---

[1]The record reveals that an attempt was made to obtain medical records from Mary Breckinridge Healthcare but the facility denied having records on Thomas.  (Tr. 163-164).  The undersigned is aware that Dr. Varghese has been an associate of this medical institution for a number of years.

10

07-308  David Thomas

mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Dr. Crager only restricted the claimant from smoking and the ALJ included the limitations from the medical reviewers in his findings.  These later sources provide substantial evidence to support the administrative decision.  Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 4th day of June, 2008.

Signed By:

**G. Wix Unthank**

**United States Senior Judge**